**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GERALD T. PATTERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:07-CV-1602-O-BH** |
| | § | |
| **LONG BEACH MORTGAGE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions, and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant's Motion for Summary Judgment*, filed July 16, 2009. Based on the relevant filings, evidence, and applicable law, the Court recommends that *Defendant's Motion for Summary Judgment* be **GRANTED**.

## I. BACKGROUND

On July 10 and August 22, 2005, Gerald T. Patterson ("Plaintiff") executed four promissory notes in the amounts of $132,000, $33,000, $138,000, and $34,500, and delivered them to Long Beach Mortgage Company, along with deeds of trust granting it a first lien on his homestead in Tarrant County, Texas. (Compl. at 8, ¶25). Through subsequent assignments, Washington Mutual Bank (Washington Mutual)[1] assumed all of Plaintiff's promissory notes and deeds of trust. *Id.*

On September 18, 2007, Plaintiff, filed this *pro se* suit in the Northern District of Texas in

---

[1] Long Beach Mortgage Company was declared insolvent by the Federal Deposit Insurance Corporation, and Washington Mutual became its successor in interest. (*See* doc. 16).

the Dallas Division.  Plaintiff alleged that Washington Mutual took his promissory notes, deposited

them in its own account without his permission, and then lent his credit back to him in the form of

a loan.  (Compl. at 3, ¶ 9).  Based on these allegations, Plaintiff claimed that Washington Mutual

violated the Federal Deposit Insurance Act ("FDIA") (12 U.S.C. § 1828(g)(2)), the Consumer Credit

Protection Act–Truth in Lending ("TILA") (15 U.S.C. § 1601), the Fair Debt Collection Practices

Act ("FDCPA") (15 U.S.C. § 1692e), the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681s-

2(a)(1)(A)), and the Texas Deceptive Trade Practices Act ("DTPA").  (Compl. at 3-7, 14).[2]  Plaintiff

also brought several state common law claims against Washington Mutual, including breach of

contract, voidance of contract for lack of consideration, voidance of contract for fraud in the

inducement, promissory estoppel, breach of the implied covenant of good faith and fair dealing,

breach of fiduciary duty, voidance of contract for lack of authority to bind, negligent

misrepresentation, assumpsit, conversion, usury, rescission of contract, formation of a contract

implied-in-law, unjust enrichment, and civil conspiracy.  (Compl. at 8-21).  On July 16, 2009, the

Federal Deposit Insurance Corporation ("Defendant"), as receiver for Washington Mutual, moved

for summary judgment.  Because Plaintiff did not file a response, and the deadline for Plaintiff's

response has passed, the motion is now ripe for consideration.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a

matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material."

---

[2] Although Plaintiff cites to 12 U.S.C. § 2605(e) and 24 C.F.R. § 3500 of the Real Estate Settlement and Procedures Act ("RESPA") in the section addressing jurisdiction and venue, he does not include this alleged violation in any of the counts in his complaint or otherwise state how Washington Mutual violated this statute.  (*See* Compl.).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

Where, as here, the non-movant fails to respond to the motion for summary judgment, this

failure does not allow the court to enter a default summary judgment.  *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)).  However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence."  *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  In addition,  the movant's evidence may be accepted as undisputed.  *Thompson v. Eason*, 258 F. Supp. 2d 508*,* 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988)); *Bookman*, 945 F. Supp. at 1002.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam);  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218  (N.D. Tex. 1990).  However, the courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim."  *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III.  ANALYSIS

**A.    FDIA and FCRA**

Defendant moves for summary judgment on Plaintiff's FDIA and FCRA claims on grounds

- 4 -

that these statutes do not allow private rights of actions.  (D. Br. at 4-7).

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  A court has federal question jurisdiction to hear a dispute when a claim arises under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331 (1980).  A claim arises under federal law when federal law creates the cause of action or when a state law claim raises a federal issue.  *American Well Works Co. v. Layne & Bower. Co.*, 241 U.S. 257, 259-60 (1916); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  The party invoking federal jurisdiction bears the burden of establishing its existence.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must expressly or implicitly provide a private cause of action or else a federal court will not have subject matter jurisdiction to hear the dispute.  *Merrell Dow Pharmaceuticals Inc. v. Thompson.*  478 U.S. 804, 817 (1986).  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quotation omitted).  Instead, the statute must either explicitly create a right of action or implicitly contain one.  *Id*. at 575.  Without congressional intent to create a private cause of action, one does not exist on the basis of a statute, and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

 The question of existence of a statutory cause of action is one of statutory construction. *Touche Ross & Co.*, 442 U.S. at 568.  In a case involving interpretation of a statute, analysis must

begin with the language of the statute itself. *Id*. at 568. The inquiry ceases in a statutory construction case if the statutory language is unambiguous and the statutory scheme is coherent and consistent. *Robinson v. Shell Oil Co*., 519 U.S. 337, 340 (1997). In the absence of an express cause of action, an implied private cause of action exists only if the underlying statute can be interpreted to disclose the intent to create one. *See Alexander*, 532 U.S. at 286-287. Unless the congressional intent to create a private cause of action "can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). When a statute is unambiguous, a court should not rely on legislative history to reach an alternate interpretation. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 97 (1991), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074.

### 1.      FDIA (Claim 1)

Section1828(g)(1) of the FDIA provides:

> "Whenever it shall appear to the Board of Directors that any noninsured bank or any affiliate thereof is engaged or has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this subsection or of any regulations thereunder, *the Board of Directors may, in its discretion, bring an action* in the United States district court for the judicial district in which the principal office of the noninsured bank or affiliate thereof is located to enjoin such acts or practices, to enforce compliance with this subsection or any regulations thereunder, or for a combination of the foregoing, and such courts shall have jurisdiction of such actions, and, upon a proper showing, an injunction, restraining order, or other appropriate order may be granted without bond."

12 U.S.C. § 1828(g)(1). The FDIA defines the Board of Directors as a group who manages the Federal Deposit Insurance Corporation ("FDIC") and that consists of 5 members, including the Comptroller of the Currency, the Director of the Office of Thrift Supervision, and 3 members that the President appoints with the advice and consent of the Senate. 12 U.S.C. § 1812(a)(1).

The language in the statute clearly and unambiguously expresses Congress' intent that only the Board of Directors of the FDIC can bring an action in a federal district court for a violation of § 1828(g). *See Robinson*, 519 U.S. at 340; *Alexander*, 532 U.S. at 286-87; 12 U.S.C. § 1828(g)(1).[3] Because Defendant points out that Plaintiff is not a member of the FDIC Board and correctly asserts that Plaintiff cannot maintain a private cause of action under § 1828(g)(2), it has met its summary judgment burden.  (*See* D. Br. at 5); *See Celotex*, 477 U.S. at 325.  Even when liberally construing Plaintiff's complaint, there is no legal basis for his FDIA claim.  Summary judgment should be **GRANTED** in Defendant's favor as a matter of law with respect to Plaintiff's FDIA claim.  *See Celotex*, 477 U.S. at 322-23.[4]

### 2.     FCRA (Claim 4)

Section 1681s-2(a)(1)(A) of the FCRA provides that "a person may not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).  The FCRA makes various remedies available to a consumer for violations of its provisions, but specifically limits those remedies when the violation involves § 1681s-2(a).  *See* 15 U.S.C. § 1681s-2(c)(1).  Furthermore, the FCRA states that a violation of § 1681s-2(a) "shall be enforced exclusively" by certain federal agencies, and federal and state officials.  *See* 15 U.S.C. § 1681s-2(d).

The language in the FCRA plainly and unambiguously states that a consumer does not have any remedies available for a claimed violation of § 1681s-2(a).  *See Robinson*, 519 U.S. at 340.

---

[3] Since the statute is unambiguous, it is not necessary to consult its legislative history. *See W. Va. Univ. Hosps.*, 499 U.S. at 97.

[4] Because the Court recommends dismissal of Plaintiff's FDIA claim on the first ground raised by Defendant, it does not reach the alternate grounds for dismissal of the claim.

Additionally, the FCRA gives certain federal agencies as well as federal and state officials the exclusive jurisdiction to enforce § 1681s-2(a).  *Id.*  The FCRA therefore does not create a private right of action for an alleged violation of § 1681s-2(a).[5]  *See Touche Ross & Co.*, 442 U.S. at 568. Since Defendant correctly contends that there is no private right of action for a violation of § 1681s-2(a)(1)(A), it has met its summary judgment burden.  *See Celotex*, 477 U.S. at 325.

The burden now shifts to Plaintiff to show that the FCRA does allow a private right of action on his § 1681s-2(a)(1)(A) claim.  *See Celotex*, 477 U.S. at 324.  As with his FDIA claim, he has not done so, and summary judgment should therefore be **GRANTED** as a matter of law in favor of Defendant on Plaintiff's FCRA claim.

## B.    TILA (Claim 2)

Defendant  moves for summary judgment on Plaintiff's TILA claim on the grounds that TILA does not require disclosure of the actual methodology by which a creditor creates the money it loans.  (D. Br. at  6).

The purpose of § 1601 of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."  15 U.S.C. § 1601(a).  Regulation Z of the Federal Reserve Board, enacted pursuant to the Board's authority under TILA, mandates that the creditor make the following disclosures to a consumer: the identity of the creditor, amount financed, itemization of amount financed,  finance charge, annual percentage rate, variable rate, payment schedule, total of payments,

---

[5]Although the Fifth Circuit has not definitively ruled on this issue, other courts have held that the FCRA does not create a private right of action for an alleged violation of § 1681s-2(a). *See e.g. Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1022 (9th Cir. 2009).

demand feature, total sale price, prepayment, late payment, security interest, insurance and debt cancellation, certain security interest charges, contract reference, assumption policy, and required deposit. *See Anderson Bros. Ford v. Valencia*, 452 U.S. 205 (1981); 12 C.F.R. § 226.18.

Defendant moves for summary judgment on grounds that the TILA does not require disclosure the actual methodology by which it creates the money it loans. Because Defendant has properly identified the basis of its motion, it has met its summary judgment burden with respect to Plaintiff's TILA claim. *See Celotex*, 477 U.S. at 325. Summary judgment should be **GRANTED** as a matter of law with respect to Plaintiff's TILA claim. *Id.* at 322-23.

## C.      FDCPA (Claim 3)

Defendant moves for summary judgment on Plaintiff's § 1692e claim on the grounds that Washington Mutual is not a debt collector and § 1692e of the FDCPA covers only debt collectors. (D. Br. at 6-7).

The FDCPA prohibits a "debt collector" from using any false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* 15 U.S.C. § 1692e. It defines a debt collector as "any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Defendant contends Plaintiff cannot show that it is a debt collector as defined by the FDCPA. In doing so, Defendant has met its summary judgment burden. *See Celotex*, 477 U.S. at 323.

The burden now shifts to Plaintiff to establish a genuine issue of material fact with respect to this claim. *See id.* at 324. Because Plaintiff has not filed a response to Defendant's motion for

summary judgment, he is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.  *John*, 757 F.2d at 709; *Solo Serve Corp.*, 929 F.2d at 165.  Because Plaintiff has failed to meet his burden, summary judgment should be **GRANTED** in favor of Defendant with respect to Plaintiff's FDCPA claim.  *See Celotex*, 477 U.S. at 322-23.

**D.**     **Lack of Consideration (Claim 6)**

Defendant contends that Plaintiff's lack of consideration claim is untenable because the promissory notes are supported by consideration in the form of the four loans and Texas law does not require an inquiry into the adequacy of consideration.  (D. Br. at 8).

Under Texas law, a contract must be based upon valid consideration in order to be enforceable.  *Fed. Sign v. Tex. So. Univ.*, 951 S.W.2d 401, 408-09 (Tex.1997).  Consideration is defined as either a benefit to the promisor, or a loss or detriment to the promisee.  *N. Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex. 1998).  Courts do not normally inquire into the adequacy of consideration.  *Neeley v. Intercity Mgmt. Corp.*, 623 S.W.2d 942, 953 (Tex. App.–Houston [1st Dist.] 1981, no writ).  Defendant points to the uncontested fact that Washington Mutual loaned over $300,000 to Plaintiff under the promissory notes.  When Washington Mutual made these loans, it suffered some detriment in parting with the money and Plaintiff incurred some benefit in receiving the money, even if the money was created by depositing Plaintiff's notes.  *See* N. Natural Gas Co., 986 S.W.2d at 607.  Defendant asserts that an inquiry into the adequacy of consideration is not needed.  *See Neeley*, 623 S.W.2d at 953.  Because Defendant notifies the Court of the basis of its motion and identifies facts in the record to show the absence of a genuine material fact issue with respect to Plaintiff's lack of consideration claim, it has met its summary judgment burden.  Plaintiff has not met his burden to establish such an issue.  Summary judgment should

therefore be **GRANTED** with respect to Plaintiff's lack of consideration claim.  *See Celotex*, 477 U.S. at 322-23.

**E.      Promissory Estoppel (Claim 8)**

Defendant moves for summary judgment on Plaintiff's promissory estoppel claim, contending that the presence of an express contract between Plaintiff and Washington Mutual precludes Plaintiff from maintaining that claim.  (D. Br. at 11).

The doctrine of promissory estoppel is a defensive doctrine that estops a promisor from denying the enforceability of a promise, even where the requisites for a valid contract are absent. *See Wheeler v. White*, 398 S.W.2d 93, 96-97 (Tex. 1965).  For the doctrine to be available, there must be an actual promise influencing the promisee's conduct.  *See id.; Guar. Bank v. Lone Star Life Ins. Co.*, 568 S.W.2d 431, 434 (Tex. Civ. App.–Dallas 1978, writ ref'd n.r.e.).  However, if the promise is part of a valid contract, the promisee cannot disregard the contract and sue for reliance damages under the doctrine of promissory estoppel.  *Guar. Bank*, 568 S.W.2d at 434.

Defendant points out that valid express contracts, in the form of the promissory notes, cover any promises that Washington Mutual allegedly made to Plaintiff.  Defendant asserts that, as a consequence, Plaintiff cannot recover on his promissory estoppel claim.  *See Guar. Bank*, 568 S.W.2d at 434.  By informing the Court of the basis of its motion and by identifying facts which reveal there are no genuine material fact issues with respect to Plaintiff's promissory estoppel claim, Defendant has met its burden.  *See Celotex*, 477 U.S. at 323.  Plaintiff has not met his burden by raising a genuine issue of material fact.  Therefore, summary judgment should be **GRANTED** with respect to Plaintiff's promissory estoppel claim.  *See Celotex*, 477 U.S. at 322-23.

**F.**      **Breach of Implied Covenant of Good Faith (Claim 9)**

Defendant moves to dismiss Plaintiff's breach of implied covenant of good faith and fair dealing claim on the grounds that the special relationship needed to maintain this claim does not exist between the parties.  (D. Br. at 12).

"A claim for breach of duty of good faith and fair dealing is a tort action that arises from an underlying contract."  *Cole v. Hall*, 864 S.W.2d 563, 568 (Tex. App. Dallas 1993, writ dism'd w.o.j.).  Whether such a duty  exists between the parties is initially a question of law.  *Id.*  Texas courts have held that the implied duty of good faith and fair dealing does not exist in all contractual relationships.  *See Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex.1995); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).  It only exists where there is "a special relationship of trust and confidence" between the parties to a contract.  *Herndon v. First nat'l Bank of Tulia*, 802 S.W.2d 396, 399 (Tex. App.–Amarillo 1991, writ denied); *Natividad v. Alexsis*, 875 S.W.2d 695, 698 (Tex. 1994).  The relationship of a lender and a borrower does not constitute the special relationship necessary to imply a duty of good faith and fair dealing.  *Cole*, 864 S.W.2d at 568; *Herndon*, 802 S.W.2d at 399.

Since Washington Mutual and Plaintiff are related to each other as lender and borrower, their relationship is not the kind of special relationship needed to imply a duty of good faith and fair dealing.  *See id.*  In pointing out the absence of a special relationship necessary to imply this duty, Defendant has met its summary judgment burden.  *See Celotex*, 477 U.S. at 323.  The burden now shifts to Plaintiff to defeat summary judgment by raising a genuine issue of material fact with respect to his claim.  *Id.* at 324.  Since Plaintiff does not raise such an issue, Defendant's motion for summary judgment with respect to Plaintiff's breach-of-good-faith-and-fair-dealing claim should

be **GRANTED**.  *Id.* at 322-23.

### G.    Money Had and Received (Claim 14)

Defendant moves for summary judgment on Plaintiff's claim of money had and received on grounds that it is unavailable where, as here, there is a debt evidenced by writing.  (D. Br. at 11-12).

An action for money had and received is an equitable action designed to prevent unjust enrichment.  *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.–Fort Worth 2005, no pet.).  It arises when a person holds money which in equity and good conscience belongs to another. *Staats v. Miller*, 243 S.W.2d 686, 687-688 (Tex. 1951); *Everett*, 178 S.W.3d at 860.  An action for money had and received belongs conceptually to the doctrine of unjust enrichment.  *Phippen v. Deere and Co.*, 965 S.W.2d 713, 725 (Tex. App–Texarkana 1998, no pet.) (citing *Amoco prod. v. Smith*, 946 S.W.2d 162, 164 (Tex. pp–El Paso 1997, no writ).  Therefore, "it is a quasi-contractual action involving an implied promise and leading to a claim of debt not evidenced by a writing."  *Id.*

Defendant informs the Court that Plaintiff cannot maintain his claim for money had and received since the payments Washington Mutual allegedly owes to Plaintiff are evidenced in writing in the form of the four promissory notes.  *See Phippen*, 965 S.W.2d at 725.  In properly informing the court of the basis of its motion, Defendant has met its burden.  Plaintiff, however, has failed to meet his burden to raise a genuine issue of material fact with respect to his claim.  Thus, summary judgment should be **GRANTED** in Defendant's favor with respect to Plaintiff's claim for money had and received.  *See Celotex*, 477 U.S. at 322-23.

### H.    Unjust Enrichment (Claim 18)

Defendant moves for summary judgment on Plaintiff's unjust enrichment claim on the grounds that unjust enrichment is only available in the absence of a contract causing the parties'

dispute, and Plaintiff's promissory notes in this case serve as such a contract.  (D. Br. at 11-12).

Under Texas law, there can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute.  *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.–Dallas 2006, no pet.).  Because Defendant asserts that recovery of unjust enrichment cannot be had in the presence of a valid contract covering the parties' dispute, and points out the presence of such a contract in this case, it has met its burden to show that there is no genuine issue of material fact with respect to Plaintiff's unjust enrichment claim.  In the absence of a response raising a genuine issue of material fact, Plaintiff does not meet its burden.  Summary judgment should therefore be **GRANTED** in Defendant's favor with respect to Plaintiff's unjust enrichment claim.  *See Celotex*, 477 U.S. at 323.

## I.      Other State Law Claims

Defendant moves for summary judgment on grounds that Plaintiff cannot provide evidence in support of a number of his claims, including breach of contract, fraud in the inducement, breach of fiduciary duty, voidance of contract for lack of authority to bind, deceptive trade practices, negligent misrepresentation, conversion, usury, rescission of contract, and civil conspiracy.  (*See* D. Br. at 8-11).  Because Defendant does not have the burden of proof at trial, it can move for summary judgment on the grounds that there is no evidence to support Plaintiff's claims.  *Sanders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).  To defeat the motion for summary judgment, Plaintiff must direct the Court to facts that support all the essential elements of his claims.  *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).  "[I]f the non-movant fails to present sufficient facts to support an essential element of his claim, summary judgment is appropriate."  *Id.*

(citing *Celotex*, 477 U.S. at 322-23).

### 1.      Breach of Contract (Claim 5)

Under Texas law, the elements of a breach of contract cause of action are: the existence of a valid contract, performance or tendered performance by the plaintiff, breach by the defendant, and damages sustained by Plaintiff as a result of that breach. *Domingo v. Mitchell,* 257 S.W.3d 34, 39 (Tex. App.–Amarillo 2008, no pet.).  Where, as here, the non-movant bears the burden of proof, the movant's burden may be discharged by pointing out to the Court that there is an absence of evidence to support the non-movant's case. *Celotex*, 477 U.S. at 325.  Plaintiff does not meet his burden by directing the Court to facts in the record that support all the essential elements of his claims, and summary judgment should therefore be **GRANTED** on this claim.  *See Vela*, 276 F.3d at 666.

### 2.      Fraud in the inducement (Claim 7)

To establish a cause of action for fraudulent inducement, a plaintiff must show that a material representation was made, it was false, it was made with knowledge of its falsity or without knowledge of the truth, it was intended to be acted upon, it was relied upon, and it caused injury. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990); *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994).  Since Defendant has identified an absence of evidence to support Plaintiff's claim that Washington Mutual's loan officer made false and misleading representations intending to induce him into entering the loan transactions, it has met its summary judgment burden. *Celotex*, 477 U.S. at 325.  Plaintiff does not direct the Court to facts in the record establishing his fraudulent inducement claim, and summary judgment should be **GRANTED** in Defendant's favor with respect to this claim.  *Vela*, 276 F.3d at 666.

### 3.     Breach of Fiduciary Duty (Claim 10)

Under Texas law, the existence and breach of fiduciary duties are questions of law for the court to decide. *Nat'l Med. Enters. v. Godbey*, 924 S.W.2d 123, 147 (Tex. 1996).  However, before a court can impose an informal fiduciary duty in a business transaction, it must ensure that a special relationship of trust and confidence existed prior to, and apart from, the agreement made the basis of the suit. *Associated Indem. Corp. v. CAT Contracting, Inc*., 964 S.W.2d 276, 288 (Tex. 1998). Defendant points out a lack of evidence to support Plaintiff's allegations that its bank-depositor relationship with Washington Mutual gave rise to a fiduciary duty and that Washington Mutual breached that duty.  (D. Br. at 8).  In doing so, it has met its summary judgment burden in pointing out this lack of evidence. *Celotex*, 477 U.S. at 325.  Plaintiff does not identify facts in the record to establish the existence and breach of the fiduciary duty. *See Vela*, 276 F.3d at 666. Thus, he has not met his burden and summary judgment should be **GRANTED** on this claim.

### 4.     Lack of Authority to Bind on the Contract (Claim 11)

Under Texas law, a bank is bound by the acts of its officers while acting in the scope of their authority, either actual or apparent. *F.D.I.C. v. Tex. Bank of Garland*, 783 S.W.2d 604, 606 (Tex. App.–Dallas 1989, no writ).  Actual authority exists when there is some communication by the principal to the agent indicating that the agent can act on behalf of the principal. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007).  Apparent authority exists when there is some communication by the principal to a third party which would lead a reasonably prudent person to believe that the agent has the authority he purports to exercise. *See id.*  Defendant points to a lack of evidence to support Plaintiff's allegations that Washington Mutual's officers lent its credit in violation of its charter and thus lacked authority to bind it on the contract.  (D. Br. at 8).  In doing so, it meets its

initial summary judgment burden.  Plaintiff must now direct the Court's attention to facts supporting the elements of his claim.  *See Vela*, 276 F.3d at 666.  Since he has failed to do so, summary judgment should be **GRANTED** on this claim.

### 5.      Deceptive Trade Practices (Claim 12)

The elements of a cause of action under the Texas Deceptive Trade Practices Act ("DTPA") are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of  the consumer's damages."  *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)).  To qualify as a consumer, "a person must have sought or acquired goods or services by purchase or lease" and "the goods and services purchased or leased must form the basis of the complaint."  *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981).  Since the lending of money is not a good or service, a borrower whose sole objective is to get a loan does not become a consumer under the DTPA.  *Allen v. Am. Gen. Fin., Inc.*, 251 S.W.3d 676, 694 (Tex. App.–San Antonio 2007, pet. granted).  Producing cause requires a showing that the defendant's deceptive action adversely affected the consumer.  *See Doe*, 907 S.W.2d at 481.

Defendant directs the Court's attention to a lack of evidence supporting Plaintiff's claims that Washington Mutual violated the DTPA when it failed to disclose the risk free nature of the loan, and when it knowingly made false representations that the promissory notes were supported by consideration.  (D. Br. at 8-9).  In doing so, it meets its summary judgment burden.  *See Celotex*, 477 U.S. at 325.  Plaintiff does not meet his burden by directing the Court to facts in the record establishing his DTPA claim, and summary judgment should also be **GRANTED** on this claim. *Vela*, 276 F.3d at 666.

### 6.       Negligent Misrepresentation (Claim 13)

Under Texas law, to prevail on a negligent misrepresentation claim, a plaintiff must prove that "(1) the defendant made a representation in the course of its business or in a transaction in which it had a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs, Inc.*, 196 S.W.3d 210, 218 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (citing *Fed. Loan Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). Defendant identifies a lack of competent summary judgment evidence on each of the elements of Plaintiff's claim that Washington Mutual's loan officer made negligent misrepresentations to Plaintiff that the loans were risk free, supported by consideration, and made with money belonging to the bank's depositors. (D. Br. at 10). Plaintiff does not meet his burden by directing the Court to facts in the record establishing his negligent misrepresentation claim, and summary judgment should be **GRANTED** with respect to this claim. *Vela*, 276 F.3d at 666.

### 7.       Conversion (Claim 15)

Conversion involves the "wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). "There can be no conversion where the owner has expressly or impliedly assented to the taking or disposition." *Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39-40 (Tex. App.–Dallas 2003, no pet.). Defendant identifies a lack of evidence to establish Plaintiff's claim that Washington Mutual converted the promissory notes. (D. Br. at 8). Plaintiff does not direct the Court to facts in

the record establishing his conversion claim to meet his burden.  Therefore, summary judgment should be **GRANTED** with respect to Plaintiff's conversion claim.  *Vela*, 276 F.3d at 666.

### 8.  Usury (Claim 16)

A usurious transaction consists of "a loan of money, an absolute obligation to repay the principal, and the exaction of greater compensation than is allowed by law for the borrower's use of the money."  *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994).  The Texas Finance Code provides that contracts with an annual interest rate of greater than 10% are usurious unless otherwise provided by law.  Tex. Fin. Code Ann. § 302.001(b) (Vernon 2006).  Defendant asserts that there is no evidence to support the claim that Plaintiff's contract with Washington Mutual is usurious because the interest collected is in violation of the Texas Finance Code.  (Def. Br. at 8).  Plaintiff does not direct the Court to facts in the record establishing his claim.  Therefore, summary judgment should be **GRANTED** with respect to Plaintiff's usury claim.  *Vela*, 276 F.3d at 666.

### 9.  Rescission of Contract (Claim 17)

Rescission is an equitable remedy used as a substitute for monetary damages when such damages would be inadequate.  *Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex. App.–Texarkana 2008, no pet.) (citations omitted).  Rescission extinguishes a legally valid contract when there is fraud, mistake, or unjust enrichment.  *Id.*  To be entitled to rescission, a party must either show that he and the defrauding party are in a status quo, or that there are equitable considerations obviating the need for a status quo relationship.  *Gentry v. Squires Const., Inc.*, 188 S.W.3d 396, 410 (Tex. App.–Dallas 2006, no pet.) (citations omitted).  A status quo exists when the party claiming rescission has restored all the benefits retained under the instrument to the defrauding party.  *Id.*  Defendant

identifies a lack of evidence to support the claim that Plaintiff is entitled to a rescission of his promissory notes because Washington Mutual concealed certain facts underlying their execution and delivery.  (*See* D. Br. at 8).  Plaintiff does not meet his burden to identify facts supporting the elements of his rescission claim, and summary judgment should be **GRANTED** on this claim.  *See Celotex*, 477 U.S. at 322-23.

### 10.     Civil Conspiracy (Claim 19)

In a civil conspiracy action, a plaintiff must prove "two or more persons, an object to be accomplished, a meeting of the minds on the object or course of action, one or more unlawful, overt acts, and damages as the proximate result."  *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  Because of its secretive nature, a conspiracy may be proved by circumstantial rather than direct evidence.  *See Kirby v. Cruce*, 688 S.W.2d 161, 164 (Tex. App.–Dallas 1985, writ ref'd n.r.e). "The agreement need not be formal, the understanding may be tacit, and each conspirator need not know the details of the conspiracy."  *Id.*  "Vital facts may not, however, be proved by unreasonable inferences or by piling inference upon inference."  *Bernstein v. Portland Sav. & Loan Assn.*, 850 S.W.2d 694, 706 (Tex. App.–Corpus Christi 1993, writ denied).

Defendant asserts that there is no evidence to show that there was a meeting of the minds between the alleged conspirators to receive Plaintiff's promissory notes without consideration, to commit conversion of Plaintiff's promissory notes, and to fraudulently conceal from Plaintiff the risk free nature of the loans made to him.  (D. Br. at 8).  In identifying a lack of evidence, either direct or circumstantial, to support at least one of the elements of Plaintiff's civil conspiracy claim, Defendant has met its summary judgment burden.  *Celotex*, 477 U.S. at 32.  As with his other claims, Plaintiff does not direct the Court to facts in the record establishing his conspiracy claim.  Therefore,

summary judgment should be **GRANTED** in Defendant's favor with respect to Plaintiff's conspiracy claim. *Vela*, 276 F.3d at 666.[6]

### IV. CONCLUSION

*Defendant's Motion for Summary Judgment* should be **GRANTED**.

**SO RECOMMENDED**, on this 9th day of November 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6]Plaintiff's twentieth claim is a request for attorney's fees and costs which is not addressed because the Court has recommended that summary judgment be granted on all of Plaintiff's claims.